[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT TENANT'S MOTION TO DISMISS
This dispute apparently had its origins in events occurring soon after the defendant moved into the FULL leased premises. The defendant rented a bed room at 91 Hillcrest Road in Guilford, CT Page 7578 sharing kitchen, bathroom and laundry facilities with the landlady the plaintiff in this action, and other residents who occupied bedrooms. All were on oral month to month tenancies.
Three of these residents testified before this court and told of problems created by the defendant, and described what has to have been a "house of horrors" with five people living under the same roof at constant odds with one another.
The defendant did not deny that she and the other residents were living in an unfriendly atmosphere, but rather suggested she was a victim of unfair treatment. Her complaints about her co-residents included charges that they stole her clothing, food, toiletries, and fragrances, changed her light bulbs, and hid the key to the house so she, could not enter. In connection with such a complaint she made to the police, the key was found by the police in its usual place.
The defendant made, by her own admission, at least 10 complaints to the police and could not say if there were over 20. (Other testimony would indicate it was even higher). She also complained to town agencies over a variety of issues.
When the town sanitarian testified as to the results of her inspection of the house, occasioned by one or more of the defendant's complaints, she found no violations. It is significant that the defendant told this witness that she was being evicted — this apparently before an alleged "lockout" occurred on June 18, 1996.
A subsequent inspection by the fire marshall in November resulted in a finding that smoke alarms were required in the living areas.
The testimony of the defendant and the other residents is relevant in this case because of the defendant's legal argument that she was the victim of a summary process action because of her complaints to the authorities and in particular, her pursuing the "lockout" allegation.
The court found the defendant to be evasive, contradictory, arrogant and deceptive, frequently changing her story in midstream. For example, after stating that the plaintiff had never told her to leave, she went to say the opposite and said she was told a new tenant was ready to move in. Then, when asked CT Page 7579 if she looked for another place to live, she said she had not and in her next breath said she had.
The court concludes that the plaintiff's summary process action was not a retaliatory action. First, the bulk of the complaints she made were not made in good faith, and were not justified. Secondly, as for the complaint addressing the "lockout", there was substantial evidence that the decision to evict the defendant was made long before June 18, 1996, a fact the defendant admitted. And finally, as to that episode, it was resolved via a court stipulation with no decision of validity or invalidity.
The defendant further argues that the plaintiff was obligated to give her formal notice of her intention to terminate her tenancy. On this issue, the tenants all professed knowledge that the defendant was leaving in mid June. The plaintiff testified that after telling the defendant she should leave (over a variety of personal issues!), she left her a note to that effect. The court believes the plaintiff on this point and concludes that the plaintiff complied sufficiently with Sec. 476a-20a. That section does not require a Notice to Quit. The plaintiffs notice to defendant was given prior to her learning of the defendant's action on the alleged "lockout." Brodeur v. Dupree,1985 WL 264030, (Conn.Super.).
The Motion to Dismiss is denied.
DeMayo, J.